UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CARL MIELE | ) | CIVIL ACTION NO. |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CAPITAL ONE BANK, N.A. | ) | MARCH 2, 2013 |
|     Defendant. | ) | |

## COMPLAINT

1.  This is a suit brought by a consumer under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b) against Capital One Bank, N.A. ("Capital One"). Plaintiff also asserts claims against Capital One for violations of the Creditor Collection Practices Act ("CCPA") and the Connecticut Unfair Trade Practices Act ("CUTPA").

2.  Plaintiff, Carl Miele ("Miele"), is a consumer residing in Waterbury, Connecticut.

3.  Defendant, Capital One, is a National Bank with its headquarters in Virginia.

4.  Jurisdiction in this Court is proper pursuant to 47 U.S.C. § 227(b) and 28 U.S.C. § 1331.

5.  This Court has jurisdiction over Capital One because it regularly conducts business in Connecticut.

6.  Venue is proper because the transaction alleged herein occurred in this state.

7. Plaintiff had accrued a personal consumer related debt on an account with Capital One (the "Debt").

8. On or around May 2010, Plaintiff began receiving calls on his cell phone from Capital One at phone number (866) 279-7918. These calls were placed with the use of an automatic dialer and/or pre-recorded voice in an attempt to collect the Debt.

9. At no time did Plaintiff give Capital One permission to call his cell phone number.

10. The first time Capital One contacted Plaintiff, Plaintiff told Capital One that the number they had contacted was his cell phone number, and that he did not wish to be contacted on his cell phone regarding the Debt.

11. On several other occasions, including on April 26, 2011, Plaintiff told Capital One that the number they had contacted was his cell phone number, and that he did not wish to be contacted on his cell phone regarding the Debt. Nevertheless, Plaintiff continued to receive calls from Capital One.

12. Between May 2010 and June 2011, Capital One called Plaintiff's cell phone an average of four to six times each day with the use of an automatic dialer and/or pre-recorded voice in an attempt to collect the Debt.

13. On several occasions, Plaintiff answered the calls and informed the Capital One representative that he would make the requested payment, yet Plaintiff continued to receive calls from Capital One throughout the day.

14. Between May 2010 and June 2011, Capital One also called Plaintiff's residence in an attempt to collect on the Debt, and it would leave messages that referenced the debt, and Plaintiff's girlfriend overheard some of those messages.

15. On April 24, 2011, Easter Sunday, Capital One called Plaintiff's residence in an attempt to collect on the Debt and left a message which referenced the alleged Debt on the Account.

16. At the time that Capital One left the aforementioned message on Easter Sunday, Plaintiff's girlfriend, Plaintiff's son, and Plaintiff's sister were at Plaintiff's home for Easter dinner, and, as result, they all overheard that message as it was being left on Plaintiff's answering machine, much to Plaintiff's embarrassment and shame.

17. Capital One violated the TCPA, 47 U.S.C. § 227(b), each time it called Plaintiff's cell phone numbers using an automatic dialing system and/or pre-recorded voice.

18. Pursuant to 47 U.S.C. § 227(b)(3), Capital One is liable to Plaintiff in the amount of $500 for each call made to the Plaintiff's cell phone number and, to the extent that the TCPA violations are deemed to be intentional, it is liable for up to $1,500.

19. Capital One violated the CCPA, Conn. Gen. Stat. § 36a-645, by using abusive and/or harassing devices or practices to collect or attempt to collect the Debt, as described above; Conn. Agencies Reg. § 36a-647-4(b) by communicating with third parties in an unauthorized manner; and Conn. Agencies Reg. § 36a-647-5 by engaging in conduct the natural consequence of which to a reasonable person would be to harass or abuse such person in connection with the collection of a Debt.

20.     Capital One's conduct also constitutes unfair and deceptive acts in violation of CUTPA that have caused Plaintiff an ascertainable loss, including costs associated with communicating with his legal counsel in an effort to stop the collection activity and costs associated with his receipt of Capital One's improper communications on electronically powered devices.

**WHEREFORE**, the Plaintiff claims statutory damages of $500 for every call made to a cell phone in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3) plus damages for any additional calls that may occur; statutory damages of up to $1,000 pursuant to Conn. Gen. Stat. § 36a-648; attorney's fees and costs pursuant to Conn. Gen. Stat. § 36a-648; and actual damages, attorney's fees and costs, and punitive damages pursuant to Conn. Gen. Stat. §42-110g.

**PLAINTIFF, CARL MIELE**

By: /s/ Daniel S. Blinn
      Daniel S. Blinn (ct02188)
      Consumer Law Group, LLC
      35 Cold Spring Rd, Suite 512
      Rocky Hill, CT  06067-9997
      dblinn@consumerlawgroup.com
      Tel (860) 571-0408
      Fax (860) 571-7457